IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| **THORNTON RANCH, LLC**<br><br>  Plaintiff,<br><br>  v.<br><br>**CONTINENTAL RESOURCES, INC.,**<br><br>  Defendant. | **CIVIL ACTION NO 4:23-CV-00022** |

## ORIGINAL COMPLAINT

Plaintiff Thornton Ranch, LLC ("Thornton Ranch" or "Plaintiff"), files this Original Complaint ("Complaint") against Defendant Continental Resources ("Continental" or "Defendant"), and would respectfully show the Court as follows:

### I. STATEMENT OF THE CASE

1. This lawsuit seeks to redress and prevent Continental's ongoing breaches of a Surface Lease Agreement.

### II. PARTIES

2. Plaintiff Thornton Ranch, LLC is a Texas limited liability company conducting business in the State of Texas and is represented by and appearing through its undersigned counsel.

3. Defendant Continental Resources, Inc. is Oklahoma corporation conducting business in the State of Texas. Continental has appeared through counsel of record.

### III. JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a), as Plaintiff and Defendant are citizens of different states and the amount in controversy exclusive of interest and costs exceeds $75,000.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the claims giving rise to this suit occurred in this District. Further, venue is proper in this District pursuant to 28 U.S.C. § 1291(b)(3) because Defendant is subject to the Court's personal jurisdiction in this District.

### IV.    CONDITIONS PRECEDENT

6. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

### V.    FACTS

7. Effective, November 5, 2014, Thornton Ranch and the Bluford Thornton Trust (as Lessors) entered into that certain Surface Lease Agreement with Jagged Peak Energy, LLC (as Lessee). *See* Ex. A. ("Surface Lease Agreement"). Thornton Ranch succeed to the rights and obligations of the Bluford Thornton Trust. *See* Ex. B. Continental succeed to the rights and obligations of Jagged Peak Energy, LLC under the Surface Lease Agreement. *See* Ex. C. (The Memorandum of Surface Lease Agreement filed of record in Ward County, Texas under Document Number 2022-4503 acknowledges the Surface Lease Agreement which "Jagged Peak Energy, LLC, assigned to Continental Resources, Inc.")

8. The Memorandum of Surface Lease Agreement expressly states that "[t]he purpose of this *Memorandum* is to give notice of the [Surface Lease Agreement] and to give notice that all terms and conditions of the [Surface Lease Agreement] are incorporated into this *Memorandum* as if set out in full." *See* Ex. C (emphasis in original).Therefore, Thornton Ranch is the sole Lessor under the Surface Lease Agreement and Continental is the Lessee under the Surface Lease Agreement.

9. The Surface Lease Agreement covers certain real property owned by Thornton Ranch and located in Ward County, Texas more particularly described as:

> All of Section 63, 72, 74, 94, 95, 96, 98, 99, 100, 106, 108 and the SW/4 of Section 107, all in Block 34, H&TC RR Co. Survey, Ward County, Texas
>
> Tract 1: The S/4 of N/4, the SW/2 the NW/4, and the E/4 of N/4 of Section 87, Block 34, H&TC RR Co. Survey, Ward County, Texas
>
> Tract 2: A 30-acre tract land out of the NE/4 of Section 87, Block 34, H&TC RR Co. Survey, Ward County, Texas
>
> 124.59 acres in Section 31 (Abstract 747), Tract SF, Lee F. Freeman original grantee, Ward County, Texas

(the "Leased Premises").

10. Under the terms of the Surface Lease Agreement, Continental is required to (among other things):

   a. "[u]se Lessor's fresh water **exclusively** for its operations as long as Lessor is capable of supplying adequate fresh water to meet the Lessee's operations demands." *See* Ex. A at *Exhibit A* § H(a) (emphasis added);

   b. "Upon the reasonable request of Lessor or Lessee to provide adequate supply for Lessee's operations, Lessee shall pay 100% of the cost to drill, equip and maintain New Water Wells on the Leased Premises." Ex. A at *Exhibit A* § H(b);

   c. Notify Thornton Ranch of:

      A. "the intended location of all . . . roadways, flow lines";

      B. "construction operations on the Leased Premises before they start"

   Ex. A at § (1)(a);

   d. "Conduct operations in such a manner as to cause minimum damage to the surface" Ex. A at § (1)(b);

   e. "not store any equipment or personal property on the Leased Premises except for use in Lessee's operations" Ex. A at § (1)(c);

   f. "exercise its rights [under the Surface Lease Agreement] in such a manner not to interfere with existing operations of Lessor on the Leased Premises. Ex. A at § (1)(d)"

11. Thornton Ranch has continuously acted in good faith both with Jagged Peak

Energy, LLC and now Continental to provide adequate sources of fresh water for their Lessee's needs. Nevertheless, Continental has failed to comply with its obligations and duties under the Surface Lease Agreement.

### a) Failure to pay for cost of drilling new water wells

12.     As incentive to enter the Surface Lease Agreement, Tate Slaughter—the Thornton Ranch manager—was told by Continental that Continental would require over 200,000 barrels a day for fracking operations related to 13 nearby oil and gas wells. At that time, Thornton Ranch was only able to produce about 120,000 barrels per day. Therefore, beginning in January 2023, and in reliance on the Surface Lease Agreement and Continental's representations, Thornton Ranch drilled 3 additional water wells to meet Defendant's operational demands. Moreover, since this time—and to stay ahead of their Lessee's needs—Thornton Ranch has drilled another 9 water wells (collectively the 12 new water wells are referred to as the "New Water Wells").

13.     The total cost for drilling the New Water Wells was $1,978,231.70. This includes costs for consultants, equipment, labor, materials, and bringing power to the New Water Wells.

14.     Continental violated the Surface Lease Agreement by failing to drill and equip the New Water Wells, and continues to breach the Surface Lease Agreement by failing to reimburse and pay Thornton Ranch for the New Water Wells.

### b) Continued failure to exclusively utilize Thornton Ranch water on drilling operations

15.     Consistent with the representation that Continental would require 200,000 barrels of water per day for fracing operations on nearby lands, Continental recently completed 13 new oil and gas well. Upon information and belief, and based on the parties' course of performance, each new oil and gas well required 600,000 barrels of water to complete. Nevertheless, Continental only used and paid for 5,200,000 barrels of water from Thornton Ranch when approximately

7,800,000 barrels were needed to complete the 13 wells.

16. Pursuant to the terms of the Surface Lease Agreement and the most recent University Lands Rate and Damage Schedule, Continental was obligated to pay Thornton Ranch $0.55 per barrel. Continental's failure to exclusively utilize approximately 2,600,000 barrels of Thornton Ranch water damaged Thornton Ranch by approximately $1,430,000.00.

17. Moreover, the exclusivity requirement under the Surface Lease Agreement is well known. In fact, in 2016, Chris Mertz—on behalf of Continental's predecessor—met with Thornton Ranch's manager to discuss changing this term. Thornton Ranch refused.

18. Thornton Ranch anticipates that additional Continental drilling and completion operations will come to light during discovery wherein Continental failed to use Thornton Ranch water for its operations.

**c) Failure to comply with notice and operations requirements**

19. From the outset, Continental and its predecessor have failed to comply with the notice and operations requirements under the Surface Lease Agreement. Photographs of these issues are attached hereto as Exhibit D. But include:

   a. Roads and cattle guards are left unmaintained and in a constant state of disrepair and riddled with potholes;

   b. Gates are left unlocked;

   c. Failure to install barricades and fencing around pad sites to prevent access and damage to livestock;

   d. Trash is left out along the roadways and Continental has left large rocks from its construction activities on the Leased Premises which must be removed from the roadways;

   e. Continental has had multiple saltwater spills on the property and around tank batteries;

   f. Continental has created *defacto* roadways without paying damages under the Surface Lease Agreement by driving off road to access its right of way.

      g.      Continental installed a new flow lines, leaving trash, debris, and saltwater spills across Thornton Ranch, but provided no notice of the installation and no payment of surface damages;

20.      Thornton Ranch's manager has met with Continental representatives—including Larry Duke—to redress these concerns. Continental has done nothing.

### VI.    CAUSES OF ACTION

**a)    Breach of Contract**

21.      Plaintiff incorporates the previous paragraphs herein by reference.

22.      The Surface Lease Agreement is a valid and enforceable agreement by and among the parties'. Continental has expressly assumed the obligations and duties under the Surface Lease Agreement and put the world on notice through the public recording of the Memorandum of Surface Lease Agreement. *See* Ex. C.

23.      Thornton Ranch performed and stand ready to perform their obligations under the Surface Lease Agreement.

24.      The Surface Lease Agreement obligated Continental to perform those obligations stated more fully above but including the obligation to use Thornton Ranch water for its operations, pay and reimburse Thornton Ranch for the drilling of new water wells to supply Continental's needs, abiding by the notice and operations requirements under the Surface Lease Agreement, and paying surface damages.

25.      Continental breached the terms of the Surface Lease Agreement by failing to exclusively use Thornton Ranch water for its operations, failing to pay and reimburse Thornton Ranch for the drilling of new water wells to supply Continental's needs, failing to abide by the notice and operations requirements under the Surface Lease Agreement, and failing to pay surface damages.

26.      As a result of Continental's breach, Thornton Ranch has suffered damages in the

sum of amounts owed exceeding $3,408,231.70. This amount is expected to increase as additional drilling operations are uncovered during discovery.

**b)     Declaratory Judgment**

27.     Plaintiff incorporates the previous paragraphs herein by reference.

28.     Thornton Ranch seeks a declaratory judgment in their favor establishing that the Surface Lease Agreement requires Continental to utilize Thornton Ranch's water for all of Continental's operations.

29.     Therefore, pursuant to Rule 57 and 28 U.S.C. § 2201, Thornton Ranch seeks a declaratory judgment from this Court that: (1) the Surface Lease Agreement provides that "Lessee shall pay Lessor . . . for fresh water for use on or outside of the boundaries of the Leased Premises. Lessee shall use Lessor's fresh water exclusively for its operations as long as Lessor is capable of supplying adequate fresh water as Lessee's operations demand"; (2) this provision does not limit such requirement to exclusively use Thornton Ranch's water to only Continental's operations on the Leased Premises; (3) the provision requires Continental to use Thornton Ranch's water on all of Continental's operations regardless of the location of such operations.

**c)     *Alternatively* Unjust Enrichment**

30.     Plaintiff incorporates the previous paragraphs herein by reference.

31.     Thornton Ranch relied on Continental or its predecessor's representations as to its water needs and as a result Thornton Ranch drilled and equipped new water wells to meet those needs. Continental was obligated to pay Thornton Ranch 100% of the cost of drilling and completing new wells necessary to meet Continental's operational demands. Continental has not paid those costs.

32.     Continental was unjustly enriched through its conduct, deceptive practices, and by taking undue advantage of Thornton Ranch which is unconscionable.

33. Therefore, and in the alternative, Thornton Ranch seeks the equitable right of recovery to remedy Continental's unjust enrichment.

## VII.  ATTORNEYS' FEES

34. Plaintiff incorporates the previous paragraphs herein by reference.

35. Thornton Ranch seeks attorneys' fees to the extent they are available and recoverable under Federal and Texas law.

36. Thornton Ranch has retained the undersigned counsel to represent them in this matter and have agreed to pay such attorneys' reasonable fees and expenses for their services in representing Thornton Ranch through trial and such appeals, if any, as are requisite to obtain full and final adjudication hereof. Notwithstanding written demand by Thornton Ranch to Continental more than thirty (30) days prior to final hearing of this matter, Continental has failed, and continued to refuse, to perform their contractual obligations to Thornton Ranch with respect to the Surface Lease Agreement. Therefore, Thornton Ranch is entitled to recover their reasonable attorneys' fees and costs of suit in this proceeding pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

## VIII.  PRAYER

WHEREFORE, Thornton Ranch request Continental be cited to appear and answer herein, and respectfully requests this Court:

 a) Enter a declaratory judgment in Thornton Ranch's favor that:

 1. the Surface Lease Agreement provides that "Lessee shall pay Lessor . . . for fresh water for use on or outside of the boundaries of the Leased Premises. Lessee shall use Lessor's fresh water exclusively for its operations as long as Lessor is capable of supplying adequate fresh water as Lessee's operations demand";

 2. this provision does not limit such requirement to exclusively use Thornton Ranch's water to only Continental's operations on the Leased Premises;

3. the provision requires Continental to use Thornton Ranch's water on all of Continental's operations regardless of the location of such operations. Award judgment in the form of a constructive trust;

b) Enter a monetary judgment including actual damages for breach of the Surface Lease Agreement;

c) Award costs and attorneys' fees;

d) Award prejudgment and post-judgment interest as provided by law; and

e) Grant such other and further relief, at law or in equity, to which Thornton Ranch may be justly entitled in law or equity.

Respectfully submitted,

JACKSON WALKER L.L.P.
1900 Broadway, 12th Floor
San Antonio, Texas  78215
(210) 978-7761
(210) 242-4646 - Facsimile

By: _____
Reagan M. Marble
State Bar No. 24087971
rmarble@jw.com
Amanda N. Crouch
Texas State Bar No. 24077401
acrouch@jw.com
Robert M. Biedrzycki
State Bar No. 24111174
bbiedrzycki@jw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on the 6th day of October, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of such filing to all attorneys of record on file.

_____
Robert M. Biedrzycki