IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **THORNTON RANCH, LLC,**<br>*Plaintiff,* | § §  § § | |
| v. | § § § | P:23-CV-00022-DC |
| **CONTINENTAL RESOURCES, INC.,**<br>*Defendant.* | § § § § | |

## ORDER ADOPTING R&R

BEFORE THE COURT is the Report and Recommendation of the U.S. Magistrate Judge[1] from Magistrate Judge David B. Fannin concerning the above-captioned case and Plaintiff/Counterclaim Defendant Thornton Ranch, LLC's Second Amended Motion to Dismiss.[2] In his R&R, Magistrate Judge Fannin recommends that the Court grant in part and deny in part the Motion. In response to the R&R, both parties filed timely objections.[3]

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court.[4] Because the parties timely objected to several portions of the R&R, the Court reviews those portions *de novo*. Having done so, the Court overrules the parties' objections and adopts the R&R as its own order.

---

[1] Doc. 84.
[2] Doc. 50.
[3] Docs. 86 and 85.
[4] 28 U.S.C. § 636(b)(1)(C).

I. **Continental's Objections**

A. **Continental has actually and sufficiently pled a cause of action for trespass to electrical infrastructure.**

Despite referencing only Thornton's trespass of its "electricity"[5] in its counterclaim, Continental now seeks to expand the scope to include trespass to electrical infrastructure. It justifies this expansion by pointing to references to electrical infrastructure in the factual background of its pleadings. However, this argument is unpersuasive.

By failing to clearly allege trespass to electrical infrastructure, Continental has failed to provide Thornton with adequate, timely notice that it intended to pursue trespass against more than electricity. In fact, its omission of a trespass claim for electrical infrastructure seems deliberate. While Continental's prior amended counterclaim alleged trespass against electrical infrastructure, that language was removed when Continental re-amended.[6] The shift from alleging trespass of electrical infrastructure to trespass of electricity reflects a conscious and intentional revision to the claims asserted.

In the alternative, Continental requests the Court allow it to amend its pleadings, again, just weeks before trial. The Court declines. Continental's failure to identify an error does not constitute grounds to amend this late in the litigation. The objection is **OVERRULED**.

B. **Continental contends that it is not the lessee of the SLA.**

---

[5] Doc. 47 at 7.
[6] Defendant/Counterclaim-Plaintiff Continental Resources, Inc.'s Amended Counterclaims Against Plaintiff/Counterclaim-Defendant Thornton Ranch, LLC (Doc. 21) at 1.

The Court recently addressed and declined to accept this argument in its Order Granting in Part and Denying in Part Summary Judgment.[7] The objection is **OVERRULED**.

    II.    **Thornton's Objections**

        **A. Continental's Texas Theft Liability Act ("TTLA") claim for theft of electricity is misplaced and should be dismissed.**

            **i. Electricity as a product.**

As a preliminary matter, the Court agrees that it must determine before trial whether electricity qualifies as "property" under Chapter 31 of the Texas Penal Code.[8] The Court acknowledges that, in attempting to answer this question, neither party has submitted, and the Court has not found, any case law explicitly recognizing electricity as property under Chapter 31. Thornton contends that this absence of case law implies the claim is dead on arrival. And because no case law exists specifically categorizing electricity as property under Chapter 31, argues Thornton, the R&R's reliance on the Administrative Code for guidance is "not . . . proper."[9]

But Thornton's position is undercut by its own reliance on law outside Chapter 31. Thornton itself implores the Court to adopt the reasoning of an Oregon case contemplating the Uniform Commercial Code in the context of the Bankruptcy Code.[10] Thornton also asks the Court to categorize electricity solely as a service because another unrelated code, the

---

[7] Doc. 87.
[8] Electricity in this case does not constitute a service within the meaning of Chapter 31. *See* Tex. Penal Code § 31.01(6) (defining service).
[9] Doc. 84 at 2.
[10] *Id.* at 3 (citing *PacifiCorp v. N. Pac. Canners & Packers, Inc.*, No. 6:21-CV-00863-AA, 2023 WL 1765691, at *2, *5 (D. Or. Feb. 3, 2023)).

3

Texas Utility Code, defines electricity as a public utility.[11] Courts and legal practitioners routinely look to other areas of law for assistance interpreting laws. This Court will do the same.

The Court begins by observing that the definition of "property" within Chapter 31 does not on its face exclude electricity. Property under Chapter 31 includes, among other things, "tangible or intangible personal property including anything severed from land."[12] Given that electricity constitutes intangible property, it follows that electricity could theoretically constitute property under Chapter 31.

Thornton argues that electricity cannot constitute property because courts outside of Texas have occasionally found that electricity is not a "good." But Thornton's adherence to case law concerning electricity's status as a "good" is somewhat misplaced. While "goods," such as those defined under the UCC or the Bankruptcy Code, may have some overlap with "property," Chapter 31's definition, particularly its inclusion of "tangible or intangible personal property including anything severed from land," suggests that property should be interpreted broader than "goods."[13]

---

[11] *Id.* (internal citation omitted).
[12] Tex. Penal Code § 31.01(5).
[13] Thornton repeatedly asks this Court to consider electricity as a service, not a "good." Doc. 84 at 2-3 ("The Court must determine whether electricity is a **good** or service in *this* context."; "But whether electricity should be treated as a **good** or service under the applicable statutes to Continental's claims . . ."; "In a similar issue on appeal from a bankruptcy court, the court determined "whether electricity qualifies as '**goods**' "; "the Court should consider the nature of electricity in the context at issue to determine whether it is a **good** or service . . ."). But Chapter 31 involves "property" and services. Chapter 31 does not involve "goods."

Finally, in a case far more similar than *PacifiCorp*, and in the relevant jurisdiction, the Texas Supreme Court[14] held that electricity *is* a product. In that case, the Supreme Court noted that "[e]lectricity is a commodity, which, like other goods, can be manufactured, transported and sold."[15] It is "a form of energy that can be made or produced by man, confined, controlled, transmitted and distributed to be used as an energy source for heat, power and light."[16] The Supreme Court has similarly held that "electric energy thus produced, constitute[s] property."[17]

### ii. Continental as an Owner

Thornton cites several cases for the proposition that only a utility company can own electricity. But this case does not involve a suit against or by a public utility, as did *all* the cases cited by Thornton. Thus, this Court sees no reason that Continental could not own the electricity, especially assuming it was paid for.

Thus, Thornton's objections on these grounds are **OVERRULED**.

### B. Continental's counterclaim for trespass to chattels for electricity should be dismissed.

---

[14] *Houston Lighting & Power Co. v. Reynolds*, 765 S.W.2d 784, 785 (Tex. 1988). This case involved a question of first impression as to whether electricity was a product for the purposes of tortious product liability. *Id.* The Court rejected holdings from lower courts finding that electricity was purely a service, including *Navarro Cnty. Elec. Co-op., Inc. v. Prince*, 640 S.W.2d 398, 398 (Tex. App.—Waco 1982, no pet.), which involved a breach of warranty. In *Navarro*, the Court found that Texas's Business and Commerce Code definition of "goods," which mirrors that of the UCC, did not include electricity. *Id.*
[15] *Id.* (citing *Pierce v. Pacific Gas & Elec. Co.,* 166 Cal.App.3d 68, 81, 212 Cal.Rptr. 283, 290 (1985).
[16] *Id.* (citing *Ransome v. Wisconsin Elec. Power Co.,* 87 Wis.2d 605, 610, 275 N.W.2d 641, 643 (1979).
[17] *Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 330 (1936).

Because the Court finds that electricity may constitute property, Thornton's objection is **OVERRULED.**

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Fannin[18] is **ADOPTED**. The Motion to Dismiss is **DENIED**.[19]

It is so **ORDERED**.

SIGNED this 31st day of January 2025.

> _____
> DAVID COUNTS
> UNITED STATES DISTRICT JUDGE

---

[18] Doc. 84.
[19] Doc. 50.