IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **THORNTON RANCH, LLC,** *Plaintiff,* | § § § § § § § § § § | |
| v. | | P:23-CV-00022-DC |
| **CONTINENTAL RESOURCES, INC.,** *Defendant.* | | |

### ORDER MEMORIALIZING ORAL RULING ON CONTINENTAL'S JUDGMENT AS A MATTER OF LAW

On March 19, 2025, following the close of evidence at trial, Continental moved orally for judgment as a matter of law on two distinct items. Having considered the request, the Court ruled, on March 20, 2025, orally and on the record, that it was **TAKING UNDER ADVISEMENT** the motions. The purpose of this written order is to memorialize that oral ruling.

The two distinct items that Continental requested for judgment as a matter of law are (1) Thornton's third request for declaratory judgment following Thornton's recent equivocation on its interpretation of the geographic scope of the SLA, and (2) Thornton's request for lost profits in the wake of its alleged failure to properly incorporate expenses.

As to the Thornton's damages model, Continental argues that Thornton is not entitled to lost profit damages because it failed to meet its burden of providing a complete damages model that incorporates expenses. The case law demonstrates—and the parties seem to agree that—at least under most circumstances, under Texas law, lost profits are measured by the loss of net income to a business less its expenses. This principle is reflected in the damages equation Thornton has included in several filings: "water used minus water

purchased from Thornton multiplied by volume, then by price, minus expenses." Yet, confusingly, in the same breath, Thornton argues that its damages model has no such expenses to subtract.

This stance is difficult to reconcile when considering the testimony of Tate Slaughter, who conceded that certain indirect overhead expenses apply, including those related to bookkeeping, CPA fees, legal costs, and so on, which Mr. Slaughter acknowledged are spread across the business via something akin to a fixed cost allocation. Given that these overhead expenses are spread or allocated across the business as a whole, Thornton's argument that no expenses apply to its water sales business is confusing.

But despite the Court's concern, the Court is not convinced at this time that it can strip from the jury consideration of lost profits. Even having reviewed the motion requesting exclusion of the testimony of Randy Goben and the motion's responses, where the parties discussed this issue to some degree, the Court feels the issue requires further briefing. This is especially so considering the Court has found cases that, although both substantively and procedurally very distinct, have allowed lost profit damage models to proceed even when the proponent claims no expenses. *See, e.g., Beneplace, Inc. v. Pitney Bowes, Inc.*, No. A-15-CV-65-LY-ML, 2016 WL 11582931, at *3 (W.D. Tex. Sept. 20, 2016). Additionally, the Court notes that at least some evidence concerning expenses *has* been submitted to the jury.

In other words, for now, the Court will **TAKE UNDER ADVISEMENT** Continental's motion for judgment as a matter of law on the issue of lost profits. Having clarified these concerns, the Court invites the parties to provide additional briefing on the matter so that the Court may more carefully consider the issue. The parties have

approximately two weeks to submit their briefing to the Court, with Friday April 4, 2025, as the due date.

The Court has similar concerns about the second request for judgment as a matter of law. In that request, Continental argues that Thornton's third request for declaratory relief has been abandoned. The declaratory judgment at issue asks the Court to find that "the Surface Lease Agreement requires Continental to use Thornton Ranch's water on *all* of Continental's operations *regardless of the location* of such operations."

Prior to trial, the Court understood Thornton's claim for declaratory relief as a request for an interpretation of the SLA that would require *exactly that*—that Continental purchase Thornton's water for *all* of its operations *everywhere,* "*regardless of location.*" In its filings, Thornton consistently maintained that the SLA imposes "no temporal, geographical, or spatial limitations" whatsoever. (*See, e.g.,* Doc. 71 at 9). The Court had never seen from Thornton any mention of the five-to-ten-mile limitation of the SLA until trial, and Thornton's own witness seemed to equivocate on whether Thornton was abandoning its declaratory judgment action as outlined in the pleadings.

But Thornton argues, *absent any case law*, that this change in position is of little import, as the arguments made in its previous filings were submitted before the Court determined the SLA's geographic scope was ambiguous. Frankly, the Court is unsure how or why this would provide cover for Thornton, as, even neglecting the clear position in the summary judgment filings, the declaratory judgment request clearly asks the Court to hold that the SLA requires Continental use Thornton's water for "*all* of its operations *regardless of the location.*"

3

However, because the Court is already taking under advisement Continental's other motion for judgment as a matter of law, it will provide a similar opportunity for additional briefing on this issue. The same due date applies.

Both requests are therefore **TAKEN UNDER ADVISEMENT** pending receipt of additional briefing from the parties.

It is so **ORDERED**.

SIGNED this 20th day of March, 2025.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE