IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| **THORNTON RANCH, LLC**<br><br>  Plaintiff,<br><br>  v.<br><br>**CONTINENTAL RESOURCES, INC.,**<br><br>  Defendant. | CIVIL ACTION NO 4:23-CV-00022 |

**PLAINTIFF/COUNTERCLAIM-DEFENDANT THORNTON RANCH, LLC'S
(OPPOSED) MOTION FOR ENTRY OF FINAL JUDGMENT AND BRIEF IN
OPPOSITION TO CONTINENTAL RESOURCES, INC.'S
(OPPOSED) MOTION FOR ENTRY OF FINAL JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff/Counterclaim-Defendant Thornton Ranch, LLC ("Thornton Ranch") files this (Opposed) Motion for Entry of Final Judgment ("Motion") and Brief in Opposition to Continental Resources, Inc.'s (Opposed) Motion for Entry of Final Judgment ("Brief"), and respectfully shows the Court as follows:

**I.    INTRODUCTION**

Continental's Motion (Dkt. 156) and [Proposed] Final Judgment (Dkt. 156-1) ("Proposed Judgment") claim Continental is the prevailing party for purposes of Rule 54(d) despite the fact that: (a) federal "prevailing party" status under Rule 54 solely pertains to taxable costs under 28 U.S.C. § 1920, not nontaxable costs, expenses, and attorneys' fees which for the state law claims are governed by state law; (b) Continental is not the prevailing party for purposes of taxable costs under Rule 54(d)(1); (c) the SLA unambiguously provides that Thornton Ranch is entitled to its costs; and (d) in the event the Court finds Continental is the prevailing party for taxable costs under

1

Rule 54(d)(1), equity favors requiring each party to bear its own costs.

Accordingly, Thornton Ranch objects to Continental's Motion, and requests that the form of judgment attached hereto as Exhibit 1[1] be set out promptly in a separate document as required by Federal Rule of Civil Procedure 58(a). FED. R. CIV. P. 58(d).

## II.  BACKGROUND

After a trial on the merits, the Court submitted this case to the jury. The questions the jury considered and the jury's answers are filed of record. Dkt. 149. The jury returned mixed findings, determining that both parties breached the contract and entitling Thornton Ranch and Continental to damages awards against each other. Dkt. 149. On April 1, 2025, Continental filed Continental's Notice Regarding Election of Remedy for Continental's Electricity Counterclaims. Dkt. 154. Therein, Continental, elected to recover under its "conversion claim (rather than under its theft claim or trespass claim.)" *Id.* Continental also requested in its Notice for the Court to enter judgment with respect to the "breach of the SLA's confidentiality provision" despite the fact that Continental received no damages—an essential element for breach of contract in Texas. *Id*. at fn. 1. On April 3, 2025, Continental filed its (Opposed) Motion for Entry of Final Judgment. Dkt. 156.

## III.  EVIDENCE IN SUPPORT

In support of this Motion and Brief, Thornton Ranch relies on and attaches the following testimony elicited at trial and exhibits which were presented to the jury:

**Exhibit A:**      Day 1 Trial Transcript

**Exhibit B:**      Day 2 Trial Transcript

**Exhibit C:**      Day 3 Trial Transcript

---

[1] Thornton Ranch's proposed judgment is being submitted as to form only and Thornton Ranch reserves all further rights to object to such findings through motion practice and appeal. Thornton Ranch additionally reasserts all prior objections regarding the Court's instructions to the jury and the Court's and jury's findings before and after trial, including the Court's rulings on Thornton Ranch's Motions to Dismiss and Motion for Summary Judgment.

| | |
|---|---|
| **Exhibit D:** | Continental's Fifth Amended Initial Disclosures |
| **Exhibit P-1:** | Surface Lease Agreement |
| **Exhibit P-90A:** | Water well volume table |
| **Exhibit D-13:** | Reliant Invoices for Section 96 PME |
| **Exhibit D-15A-U:** | Reliant billing summaries |

## IV.   LEGAL STANDARD

Federal Rule of Civil Procedure 58(d) provides that "A party may request that judgment be set out in a separate document as required by Rule 58(a)" which provides "[e]very judgment and amended judgment must be set out in a separate document" except in circumstances which do not apply to the case at hand. FED. R. CIV. P. 58(a) & (d).

## V.   ARGUMENT & AUTHORITIES

Thornton Ranch's proposed final judgment is attached hereto as Exhibit 1. The Court should deny Continental's Motion and enter Thornton Ranch's proposed form of final judgment.

**A.   Federal "prevailing party" status under Rule 54 solely pertains to taxable costs under 28 U.S.C. § 1920, not nontaxable costs and attorneys' fees governed by state law.**

The Court should deny Continental's Motion and Proposed Judgment which improperly ask for prevailing party status as to *all* of Rule 54(d). Pursuant to Rule 54(d), "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d). Notably, Continental's own authority specifically limits its prevailing party status to taxable costs under Rule 54(d)**(1)** as opposed to attorney's fees and nontaxable costs under Rule 54(d)(2). While Rule 54(d)(1) may limit prevailing party status to taxable costs, Rule 54(d)(2) (and therefore, Rule 54(d) as a whole) do not. Continental's Motion stretches too far and should be denied.

Rather, the proper rule of law—as affirmed by the Fifth Circuit—is "there can be only one

'prevailing party' **for purposes of taxing costs under Rule 54(d)(1)**." *Merritt Hawkins & Assocs., LLC v. Gresham*, No. 3:13-CV-00312-P, 2016 WL 1714911, at *3 (N.D. Tex. Feb. 25, 2016), *aff'd sub nom. Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143 (5th Cir. 2017) (emphasis added). While Rule 54(d) addresses "Costs; Attorneys Fees", Rule 54(d)(1) solely addresses "*Costs Other Than Attorneys Fees.*" FED. R. CIV. P. 54(d). In fact, Rule 54(d)(1) expressly states "[u]nless a federal statute, these rules, or a court order provides otherwise, **costs--other than attorney's fees**—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1) (emphasis added). Conversely, Rule 54(d)(2) governs attorney's fees and makes no mention of "prevailing parties." FED. R. CIV. P. 54(d)(2).

In diversity cases, federal procedural law governs the award of taxable[2] costs under Rule 54(d)(1) as well as the procedure for recovery of nontaxable costs and attorney's fees under Rule 54(d)(2). *Carter v. Gen. Motors Corp.*, 983 F.2d 40, 43 (5th Cir. 1993); *see also Hanna v. Plumer*, 380 U.S. 460, 85 (1965). When assessing state law causes of action, state substantive law determines whether nontaxable costs and attorney's fees are recoverable. *Vanderbilt Mortg. & Fin., Inc. v. Flores*, No. CIV.A. C-09-312, 2011 WL 2160928, at *7 (S.D. Tex. May 27, 2011) (quoting *Erwin & Balingit, LLP,* 2011 WL 90222, *4–5 (citing *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.,* 197 F.3d 1276, 1281–82 (9th Cir. 1999)); *see also Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 259 n. 31 (1975). Accordingly, when assessing nontaxable costs and attorney's fees under state law cause of action, the Court must look to "Texas law [which] permits

---

[2] "When a prevailing party seeks reimbursement for costs under Rule 54(d)(1), a federal court is bound by the limits of 28 U.S.C. § 1920, absent contract or explicit statutory authority to the contrary." *Flores*, 2011 WL 2160928, at *9 (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 444–45 (1987)). The list in 28 U.S.C. § 1920 is exhaustive, and while courts may decline to award statutory costs, they may not award costs not enumerated in the statute. *Tittle v. Raines*, No. 3:99-CV-0478-L, 2002 WL 31757623, at *1 (N.D. Tex. Dec. 3, 2002) (citing *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993)).

4

a party to recover attorneys fees on a suit involving a contract" and recognizes "A prevailing party is **one who prevails on a cause of action in which attorney's fees are recoverable and recovers damages**, i.e. the party recovers money or something of value." *Crenshaw v. State Farm Lloyds*, 425 F. Supp. 3d 729, 741 (N.D. Tex. 2019) (citing *Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787, 796–97 (Tex. App.—Houston [1st Dist.] 2001)).

At trial, both parties obtained a finding of breach from the jury on the same cause of action: breach of contract. Yet, Continental asks the Court to determine that it is the prevailing party in this action for the purpose of Rule 54(d). Dkt. 156-1 (citing *Indel Food Prods. Inc. v. Dodson Int'l Parts Inc.,* No. EP-20-CV-98-KC, 2023 WL 179970, at *9 (W.D. Tex. Jan. 11, 2023)); Dkt. 156, 1–2. Continental's request reaches too far—asking for prevailing party status as to *all* of "Rule 54(d)" which addresses "Costs; Attorneys Fees." FED. R. CIV. P. 54(d). Notably, Continental's authority does not even stretch so far—finding that "Rule 54(d)**(1)** 'unambiguously limits the number of prevailing parties in a given case to one.'" *See Indel Food Prods. Inc.*, 2023 WL 179970, at *9 (emphasis added).

In fact, looking at Continental's "omitted internal citations," *Indel Food Prods. Inc.* relies on **all** awards of costs, rather than attorney's fees. In *Tempest Publ'g, Inc.*, the court found "neither Tempest nor Hacienda should be awarded attorney's fees" but "as the prevailing party, Tempest may be awarded costs." *Tempest Publ'g, Inc. v. Hacienda Recs. & Recording Studio, Inc.*, 141 F. Supp. 3d 712, 717, 721 (S.D. Tex. 2015). The court also found "[t]he court has 'wide discretion' to ensure costs are taxed equitably." *Id.*, 726 (quoting *Hall v. State Farm Fire & Cas. Co.,* 937 F.2d 210, 216 (5th Cir. 1991)). Similarly, in *Mobile Telecommunications Techs., LLC* the issue "[p]ending before the Court is Samsung's Motion and Memorandum in Support of its Bill of Costs." *Mobile Telecommunications Techs., LLC v. Samsung Telecommunications Am., LLC*, No.

2:13-CV-259-RSP, 2015 WL 5719123, at *1 (E.D. Tex. Sept. 28, 2015). The *Mobile* Court stated, "A court must choose one, and only one, "prevailing party" to receive any **costs award**." *Id.* (quoting *Shum v. Intel Corp.*, 629 F.3d 1360, 13766 (Fed. Cir. 2010)). Continental's Motion should be denied as to its request for prevailing party status for all of Rule 54(d).

**B.    Continental is not the prevailing party for purposes of taxable costs under Rule 54(d)(1).**

Additionally, the proposed finding in Continental's Motion and Proposed Judgment that Continental is the "prevailing party" is contrary to federal law, Texas law, and this litigation. Rather, the Court should find Thornton Ranch is the prevailing party for purposes of taxable costs under Rule 54(d)(1) because: (1) Thornton Ranch prevailed on the claims precipitating this litigation; and (2) Thornton Ranch prevailed on the majority of claims in this litigation.

Federal Rule of Civil Procedure 54(d)(1) provides, in part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). In deciding whether a party prevailed, "[t]he case must be viewed as a whole." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983). Finally, it is unnecessary for a party to "prevail on every issue in order to be entitled to costs." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Unquestionably, both Thornton Ranch and Continental prevailed on individual claims in this litigation. But, when looking at the case as a whole—not merely the issues submitted to the jury—Thornton Ranch, not Continental, is the prevailing party for purposes of Rule 54(d)(1).

**1.    *Thornton Ranch Prevailed on the claims precipitating this litigation.***

Continental's Motion claims that "'at bottom,' Continental is clearly the prevailing party in this action for the purpose of Rule 54." Dkt. 156. Continental also claims it prevailed on "Thornton's breach of contract claims with the exception of the notice and operations claim and a

small portion of the "New Water Wells" claim." Dkt. 156. Continental's understanding is that because in its estimation it received a higher damages award than Thornton Ranch that this is the "bottom" of the case as described in *Indel Food Prods. Inc.* Not so.

Looking to *Indel* and the case it relies on, the real focus is on the root cause precipitating the litigation. *Indel Food Prods. Inc*, 2023 WL 179970, at *9 (citing *Kellogg Brown & Root International, Inc. v. Altanmia Commercial Marketing Co. W.L.L.*, No. H-07-2684, 2009 WL 1457632 (S.D. Tex. May 26, 2009)). This precipitating factor is the claim "at bottom" of the litigation. *Indel* relies on *Kellogg* where the court stated that "[a]lthough this case involved multiple claims and counterclaims, at bottom the litigation was about whether KBR or Altanmia had to pay for the vehicle losses and damage resulting from the performance of Subcontract S0040." *Kellogg Brown & Root Int'l, Inc.*, 2009 WL 1457632, at *2. So too is the case at hand where Thornton Ranch sued Continental for its breaches of the SLA.

In fact, as Tate Slaughter testified, the reason it was important to file this lawsuit on behalf of Thornton Ranch was because he had been trying to work it out with Continental and its predecessors since 2019 "and I guess definition of insanity is keep doing the same thing over and over again." Ex. A (206:19–207:8). For years Thornton Ranch attempted to work out issues with Continental and its predecessors under the SLA. Finally, "on May 5, 2023, Thornton submitted to Continental Invoice 63 for all costs Thornton incurred to drill, install, and equip the first 3 New Water Wells in 2023." Dkt. 147, Stip. 15. In response, "Continental notified Thornton that neither Jagged Peak nor Continental would pay Invoice 63" and threatened to cut off Thornton Ranch's water wells. Dkt. 147, Stip. 16; Ex. A (80:18–81:20). Thornton Ranch then filed suit. Ex. A (80:18–81:20). At trial, the jury found in Thornton Ranch's favor on the very issue that precipitated this lawsuit—Continental's refusal to pay the cost to drill, equip, and maintain the initial three New

Water Wells Thornton Ranch invoiced Continental for on May 5, 2023.

Having prevailed on the primary claim and issue precipitating this lawsuit, Thornton Ranch, not Continental is the prevailing party.

### 2. *Thornton Ranch prevailed on the majority of the remaining claims.*

In addition to prevailing on the claim which precipitated this litigation, and Continental's continued breaches of the SLA during the lawsuit, Thornton Ranch also prevailed on the majority of claims in the litigation. Continental's Motion divides the litigation into three main claims:

- "the interpretation of the SLA (Sections H and I)"
- "The determination whether (and to what extent) each party breached the SLA, and"
- "the determination whether Thornton committed theft, conversion, and/or trespass with respect to Continental's electricity."

Unsurprisingly, Continental declares itself the prevailing party on all interpretation claims, all electricity counterclaims, and the majority of the breach of contract claims. But, as the Court will see, this is far from accurate because: (a) Thornton Ranch secured dismissal of all of Continental's contractual interpretation claims prior to trial; (b) Thornton Ranch prevailed on Continental's breach of contract claim related to confidentiality; (c) Continental prevailed on some but not all of its electricity related claims; (d) Thornton Ranch prevailed on all of Continental's trespass counterclaims; and, (e) Continental is unlikely to retain the damages the jury awarded for the claims it prevailed on while Thornton Ranch's damages are likely to increase.

### (a) Thornton Ranch secured dismissal of all of Continental's contractual interpretation claims prior to trial.

First, Continental claims it "prevailed on all of the SLA interpretation claims." Dkt. 156. But this overlooks the first and primary claims set forth in Continental's First Amended Counterclaim: *thirteen* separate declaratory judgments interpreting the SLA. Dkt. 21, ¶¶ 23–26. After the magistrate recommend dismissing ten of Continental's interpretation questions,

8

Continental amended its pleadings to reduce its interpretation requests to four. Dkt. 34; Dkt. 47, ¶¶ 17–19. Thereafter, the magistrate recommended, and the Court ultimately dismissed *all* four of Continental's interpretation claims. Dkt. 84; Dkt. 88. While Continental prevailed against Thornton Ranch's interpretation questions at trial, this is a far cry from prevailing on "all of the SLA interpretation claims." Dkt. 156.

### (b) Thornton Ranch prevailed on Continental's breach of contract claim related to confidentiality.

Next, Continental claims it prevailed on "all of Continental's claims for breach of the SLA (i.e., both the right-of-first-refusal and confidentiality provisions)." This is inaccurate because whether under federal or state law, a "prevailing party" must recover some amount of damages.

It is well settled that "a judgment with no damages at all is not an 'enforceable judgment' there is simply nothing to enforce. While an empty judgment may provide some moral satisfaction, such a judgment carries no relief and thus does not entitle the judgment winner to be treated as a prevailing party."[3] *See Tunison v. Continental Airlines Corp., Inc.,* 162 F.3d 1187, 1190 (D.C. Cir. 1998) (citing *Robinson v. City of St. Charles,* 972 F.2d 974, 976 (8th Cir. 1992)) ((relying on *Farrar v. Hobby,* 506 U.S. 103, 119 (1992)). This is consistent with the Fifth Circuit's recognition

---

[3] This is also consistent with Texas law where:

> a plaintiff in a contract breach case must recover damages or obtain some other affirmative relief in order to be considered a "prevailing party" for purposes of an attorney's fee award. The question the Court must answer in this case is whether a verdict of $1 in nominal damages mandates a fee award when a verdict awarding no damages does not. Although the answer to that question is not free from doubt, the Court concludes that Texas courts would treat an award of nominal damages as equivalent to an award of no damages in determining whether a party who asserts a claim of breach of contract is a "prevailing party" for purposes of an attorney's fee award.

*Versata Software, Inc. v. Internet Brands, Inc.*, 902 F. Supp. 2d 841, 865 (E.D. Tex. 2012), *aff'd,* 550 F. App'x 897 (Fed. Cir. 2014).

that there will not always be a prevailing party for Rule 54 purposes. *Schlobohm v. Pepperidge Farm,* 806 F.2d 578, 584 (5th Cir. 1986) (modifying the district court's award of costs because "...we cannot say that either party prevailed. No basis existed for assessing costs against Pepperidge Farm."). The United States Supreme Court recently revisited the case law regarding prevailing parties in *Buckhannon v. West Virginia Department of Health and Human Resources,* 532 U.S. 598 (2001). There, the Court rejected the "catalyst theory;" which permitted attorney's fees when the litigation has resulted in a voluntary change in behavior by the defendant. *Id*. In so doing, the Court clarified the definition of "prevailing party." The Court began its discussion by stating the general rule that a prevailing party "is one who has been awarded some relief by the court." *Buckhannon,* 532 U.S. at 603. This relief need not be extensive and "even an award of nominal damages suffices." *Id*. at 604. However, "[w]hatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement." *Farrar v. Hobby,* 506 U.S. 103, 111 (1992) (citing *Hewitt v. Helms,* 482 U.S. 755, 764 (1987)). "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar,* 506 U.S. at 111. Moreover, the material alteration of the legal relationship between the parties does not occur "until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Id.* at 112.

Here, the Jury returned a verdict of $0 on Continental's breach of contract claim regarding confidentiality. Dkt. 149, Question 6b. Accordingly, Thornton Ranch, not Continental, prevailed on Continental's claim for breach of contract regulated to the SLA's confidentiality provision.

    **(c)    Continental prevailed on some but not all of its electricity related claims.**

Third, Continental claims it prevailed on "all of Continental's electricity-related counterclaims." Dkt. 156. Yet, even Continental acknowledges that the election-of-remedies

doctrine requires treating these claims as one because they "each provide alternative grounds for relief arising out of the same wrong." Dkt. 154, fn. 1. And, "[a] double recovery exists when a plaintiff obtains more than one recovery for the same injury." Dkt. 154, fn. 1 (quoting *Estate of Lopez*, 10-18-00278-CV, 2021 Tex. App. LEXIS 4022, at *11 (Tex. App.—Waco May 21, 2021, pet. filed)).

The Fifth Circuit is clear that when electing remedies, prevailing parties may not "pick and choose" remedies from different sources to maximize relief. *American Rice, Inc. v. Producers Rice Mill, Inc.,* 518 F.3d 321, 335 (5th Cir. 2008); *Quest Med., Inc. v. Apprill,* 90 F.3d at 1093–94, n. 21. In *American Rice,* the Fifth Circuit upheld the decision, stating: "[w]ere this Court to grant both awards to [plaintiff], we would be picking and choosing from damage elements arising under different theories, which is impermissible under Texas law." *Id.* at 336. (citing *Quest Med., Inc. v. Apprill,* 90 F.3d at 1093–94, n. 21 (under Texas law, "when a party tries a case on alternative theories of recovery and a jury returns favorable findings on two or more theories, the party has a right to a judgment on the theory entitling him to the greatest or most favorable relief .... [plaintiff] cannot cut and paste elements of relief arising from different theories of recovery."))

Here, Continental has elected to recover under its claim for conversion for electricity, yet also asks the Court to consider its alternative claims redressing the same alleged wrong when considering Continental's prevailing party status. This is nothing more than an improper attempt to "maximize relief." *American Rice, Inc.,* 518 F.3d at 335. Moreover, as further explained below, Continental was awarded $0 for its trespass to electricity claim. Dkt. 149, Question 9b. As previously explained, where a party receives no damages, it cannot be the prevailing party for purposes of Rule 54(d)(1).

**(d)    Thornton Ranch prevailed on all of Continental's trespass counterclaims.**

Next, Thornton Ranch prevailed on all of Continental's trespass claims. First, Thornton

11

Ranch secured dismissal of Continental's claim for trespass to real property for cattle grazing. Dkt. 84, as adopted by Dkt. 88. Then, as explained above, Thornton Ranch prevailed against Continental's claim for trespass to chattels for electricity because the jury returned a verdict of $0. Dkt. 149, Question 9b. Finally, Thornton Ranch prevailed against Continental's attempt to replead trespass to chattels as trespass to electricity infrastructure, which the Court rightly rejected and refused to consider. Dkt. 84, as adopted by Dkt. 88.

### (e) Even if the Court finds Continental is the prevailing party for taxable costs under Rule 54(d)(1), equity favors requiring each party to bear its own costs.

The award of costs is not mandatory. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 387 n.9 (2013). As the Supreme Court held, "the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Id.* at 377 (citing Fed. R. Civ. P. 54(d)(1)). Fifth Circuit law is also clear that district courts have "wide discretion with regard to the costs in a case…" *Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 216 (5th Cir. 1991). In fact, in some circumstances "the district court may actually tax costs against the prevailing party as a sanction." *Sheets v. Yamaha Motors Corp., U.S.A.,* 891 F.2d 533, 539 (5th Cir. 1990). Accordingly, Rule 54(d)(1) "does not require courts to award costs to prevailing [parties]." *Marx*, 568 U.S. at 387 n.9. Rather, Rule 54(d)(1) grants the Court discretion to do so, based on the circumstances of the case. *Tempest Publishing, Inc.*, 2015 WL 6394414, at *1. To this end, the Fifth Circuit has:

> explained that a district court may, but is not required to, deny a prevailing party costs where suit was brought in good faith and denial is based on at least one of the following factors: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources."

*Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006)). Here, even if the Court determines Continental is the prevailing

12

party, and it should not, there can be little doubt that Thornton Ranch sued in good faith and multiple factors favor requiring both parties to bear their own costs. Specifically, factors 2, 3, and 5 weigh in favor of denying their taxable costs under Rule 54(d)(1).

First, Thornton Ranch filed suit in good faith and the claims filed presented close and difficult legal issues. As stated above, the precipitating factors driving Thornton Ranch to file suit was Continental's refusal to pay Invoice 63 for the cost to drill, equip, and maintain water wells and threats to cut off Thornton Ranch's water wells. Ex. A (80:18–81:20). To that end, the jury found that Continental breached the SLA by failing to pay the costs to drill, equip, and maintain the water wells Thornton Ranch reasonably requested on January 10, 2023 and invoiced on May 5, 2023. Dkt. 149, Questions 3a.1, 3.b., 3.c; Dkt. 147, Stips. 15 & 16. Additionally, there can be little doubt claims in this suit presented "close and difficult legal issues" when even the Court found "the exclusivity provision and its application are ambiguous." Dkt. 87, p. 9.

Second, even after filing suit, Continental's misconduct persisted by continually breaching the SLA's notice requirements. Specifically, Continental failed to abide by the SLA's notice requirements for its operations on five separate occasions *after* the lawsuit was filed. Ex. A (84:10–85:2). In response, the Jury returned a verdict in Thornton Ranch's favor for these breaches totaling $25,000.00. Dkt. 149, Questions 4a & b.1. Conversely, Continental filed thirteen declaratory judgment counterclaims—all of which were withdrawn or dismissed—and claims for trespass to chattels and real property which were dismissed or returned a jury verdict of $0. Dkt. 34, p. 9 (recommending dismissal for 10 claims which were eventually withdraw); Dkt. 88 (dismissing four declaratory judgment claims and one trespass claim); Dkt. 149, Question 9a. & b (awarding $0 damages for trespass to electricity). Then, after "wasting years of the Court's and Thornton's resources, after likely waiving the defense by failing to raise it timely and affirmatively, after

13

countersuing Thornton to enforce the SLA (to which it now argues it is not a party?), after repeated representations to this Court, and after filing a memorandum into public records alleging that it was assigned the rights under the SLA" Continental suddenly claimed it was not a party to the SLA. Dkt. 87 at 3. Yet as late as November 21, 2024, Continental's Fifth Amended & Supplemental Initial Disclosures claimed they were seeking $147,612.03 -- $170,944.24 for "Thornton's theft, trespass, and conversion." Ex. D, at § C. Finally, at trial when asked "[a]nd what damages is Continental seeking this case for its electricity related claims?" Continental's corporate representative replied, "I've been authorized to request one dollar for the past – for those past theft of electricity." Ex. C (43:23–44:1). Had Continental provided the opportunity to rectify any alleged wrongs for $1, the parties could have avoided years of litigation, depositions, expert fees, and motions related to Continental's electricity claims. Accordingly, even if the Court determines Continental is the prevailing party for purposes of Rule 54(d)(1), equity favors requiring both parties to bear their own taxable costs. Accordingly, Continental's Motion should be denied.

## VI.   CONCLUSION & PRAYER

For the foregoing reasons, Thornton Ranch respectfully asks the Court to deny Continental's Motion, grant Thornton Ranch's motion and enter the final judgment attached hereto as Exhibit 1, and all such further relief to which Thornton Ranch may be justly entitled.

Filed: April 17, 2025

                                        Respectfully submitted,

                                        JACKSON WALKER L.L.P.
                                        1900 Broadway, Suite 1200
                                        San Antonio, Texas 78215
                                        (210) 978-7700
                                        (210) 978-7790 - Facsimile

                                        By: */s/ Amanda N. Crouch*
                                            Reagan M. Marble
                                            State Bar No. 24087971

        rmarble@jw.com
        Amanda N. Crouch
        Texas State Bar No. 24077401
        acrouch@jw.com
        Robert M. Biedrzycki
        State Bar No. 24111174
        bbiedrzycki@jw.com

-and-

KELLY HART & HALLMAN LLP
P.O. Box 3580
Midland, Texas 79701
Telephone: (432) 683-4691
Facsimile: (432) 683-6518

By: */s/ Jeff Kuhnhenn*
        Jeff Kuhnhenn
        Texas Bar No. 24078809
        jeff.kuhnhenn@kellyhart.com
        Jillian Borreson
        Texas Bar No. 24138567
        jillian.borreson@kellyhart.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      This is to certify that on the 17th day of April, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of such filing to all attorneys of record on file.

                              */s/ Amanda Crouch*
                              Amanda N. Crouch